IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

JOHN C. WALL
GILBERTO LOPEZ
 and
CASEY PATRICK LEE

$5:13 cR 46/RS$

_____/

THE GRAND JURY CHARGES:

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1.      Freedom Marketing, Inc. ("Freedom Marketing"), a company located in Panama City Beach, Florida, purchased automobile parts from companies located in China and shipped those automobile parts outside the United States to Mexico and elsewhere.

2.      Defendant **JOHN C. WALL** was the president of Freedom Marketing.

3.      Defendant **GILBERTO LOPEZ** worked as a consultant for Freedom Marketing.

4.      Defendant **CASEY PATRICK LEE** worked as a manager for Freedom Marketing.

Returned in open court pursuant to Rule 6(f)

12 | 17 | 2013

Date

United States Magistrate Judge

## B. THE CHARGE

Between on or about January 1, 2005, and on or about April 2, 2009, in the Northern District of Florida and elsewhere, the defendants,

**JOHN C. WALL,
GILBERTO LOPEZ,
and
CASEY PATRICK LEE,**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to defraud the United States in any manner and for any purpose, and to commit an offense against the United States, namely:

1.    to fraudulently and knowingly import and bring into the United States certain merchandise, namely, automobile parts, contrary to law, and did receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545; and

2.    to fraudulently and knowingly export and send from the United States certain merchandise, namely, automobile parts, contrary to law and regulation of the United States, and did receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise prior to exportation, knowing the same to have been intended for exportation contrary to any law and regulation of the United States, in violation of Title 18, United States Code, Section 554.

2

## C. MANNER AND MEANS OF CONSPIRACY

The manner and means by which the conspiracy was carried out included the following:

1. It was part of the conspiracy that defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing, purchased and caused to be purchased, imported, and caused to be imported, automobile parts from companies in China, to include a company called Qingdao Haizhiguan Company, Ltd. ("Qingdao Company"), located in Qingdao, China.

2. It was further part of the conspiracy that defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing, failed to label and caused others to fail to label, imported boxes of automobile parts as "Product of China," when in truth and fact, and as the defendants then and there well knew, the imported boxes contained products manufactured in China, which was intended to falsely and fraudulently conceal information relating to the country of origin.

3. It was further part of the conspiracy that defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing, promoted and subsequently sold and exported automobile parts to sales representatives in Mexico and other countries.

4. It was further part of the conspiracy that defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing, agreed to label the automobile parts as products of the United States,

3

which labeling was intended to falsely and fraudulently conceal information relating to the manufacturer of the automobile parts.

5.      It was further part of the conspiracy that defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing, submitted, and caused to be submitted, false and misleading export information through the North American Free Trade Agreement ("NAFTA") certificate of origin, the Shippers Export Declaration ("SED"), and the Automated Export System ("AES"), in that the defendants provided false information relating to the country of origin by claiming that exported automobile parts were products of the United States, when in truth and fact, and as the defendants then and there well knew, the exported automobile parts were manufactured in China, which was intended to falsely and fraudulently conceal information relating to the country of origin.

## D. OVERT ACTS OF THE CONSPIRACY

In furtherance of this conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by the conspirators in the Northern District of Florida and elsewhere:

1.      At some point prior to 2005, defendant **JOHN C. WALL** and others, acting on behalf of Freedom Marketing, entered into an agreement to purchase automobile parts from Qingdao Company.

2.      Between on or about January 1, 2005, and on or about April 2, 2009, defendants **JOHN C. WALL** and **CASEY PATRICK LEE** made one or more trips to Qingdao, China, to visit Qingdao Company.

4

3. Between on or about January 1, 2005, and on or about April 2, 2009, defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE**, and others, acting on behalf of Freedom Marketing, purchased, and caused to be purchased, and imported, and caused to be imported, into the United States, automobile parts from Qingdao Company, and caused the parts to be shipped to the Freedom Marketing's warehouse in Panama City Beach, Florida.

4. Between on or about January 1, 2005, and on or about April 2, 2009, after receiving the automobile parts from Qingdao Company, defendants **JOHN C. WALL and CASEY PATRICK LEE** instructed employees of Freedom Marketing to repackage the automobile parts into different boxes. The defendants further instructed the employees to create and place on the boxes of automobile parts imported from China labels that falsely stated "Made in the U.S.A."

5. Between on or about January 1, 2005, and on or about April 2, 2009, defendants **JOHN C. WALL and GILBERTO LOPEZ** contacted brokers in Mexico and other countries to promote and sell automobile parts to customers in Mexico and other countries.

6. Between on or about January 1, 2005, and on or about April 2, 2009, **JOHN C. WALL and GILBERTO LOPEZ** provided samples of automobile parts to brokers in Mexico and other countries.

7. Between on or about January 1, 2005, and on or about April 2, 2009, brokers in Mexico and other countries agreed to purchase automobile parts from Freedom Marketing.

5

8. Between on or about January 1, 2005, and on or about April 2, 2009, defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE,** and others, acting on behalf of Freedom Marketing and at the direction of **JOHN C. WALL, GILBERTO LOPEZ,** and **CASEY PATRICK LEE,** exported automobile parts to Mexico and other countries, representing the parts to have been made in the United States.

9. Between on or about January 1, 2005, and on or about April 2, 2009, prior to the automobile parts being exported to Mexico and other countries, defendants **JOHN C. WALL, GILBERTO LOPEZ,** and **CASEY PATRICK LEE** provided instructions to one or more employees of Freedom Marketing on how to package the automobile parts by placing labels that falsely stated "Made in the U.S.A." on the outside of the boxes that contained automobile parts that had been imported from China.

10. Between on or about January 1, 2005, and on or about April 2, 2009, defendants **JOHN C. WALL, GILBERTO LOPEZ, and CASEY PATRICK LEE** provided instructions to one or more employees of Freedom Marketing on how to falsely complete the NAFTA Certificate of Origin documents by stating that the country of origin for the automobile parts was the United States.

11. As a result of the instructions mentioned in paragraph 10 above, between on or about January 1, 2005, and on or about April 2, 2009, one or more employees of Freedom Marketing completed and signed NAFTA Certificate of Origin documents that falsely stated the country of origin for the automobile parts being exported was the United States.

6

12.     On or about August 4, 2005, defendant **JOHN C. WALL** signed a NAFTA Certificate of Origin document that falsely stated the country of origin for automobile parts being exported was the United States.

13.     On or about March 21, 2007, defendant **CASEY PATRICK LEE** signed a NAFTA Certificate of Origin document that falsely stated the country of origin for automobile parts being exported was the United States.

14.     Between on or about January 1, 2005, and on or about April 2, 2009, defendant **GILBERTO LOPEZ** instructed one or more employees of Freedom Marketing to never tell customers who purchased automobile parts from Freedom Marketing that those automobile parts were manufactured in China.

15.     On or about April 25, 2007, defendants **GILBERTO LOPEZ** and **JOHN C. WALL** received an email addressed to **LOPEZ** from a sales representative in Mexico. Photographs of a shipment of automobile parts that were shipped to the sales representative from Freedom Marketing were attached. One of the attached photographs showed a sticker on the outside of a box that said "Korean Air." In the email, the sales representative told **LOPEZ** that he managed to have a broker accept the automobile parts as United States products, but complained "it's obvious."

16.     On or about April 25, 2007, defendant **JOHN C. WALL** forwarded the email discussed above to defendant **CASEY PATRICK LEE** and sent a copy of the email to defendant **GILBERTO LOPEZ** and other employees of Freedom Marketing. In the email, **WALL** stated: "Casey, the guys in the warehouse cannot leave 'Korean Air' stickers on this stuff."

7

17.     On or about December 8, 2008, defendants **JOHN C. WALL,
GILBERTO LOPEZ, CASEY PATRICK LEE**, and others acting on behalf of
Freedom Marketing, imported, and caused to be imported, into the United States
approximately forty-four crates containing automobile parts purchased and imported
from companies in China. Approximately twelve of the forty-four crates had no country
of origin markings as required by law and approximately thirty-two crates were falsely
marked "Processed in the USA."

18.     On or about December 10, 2008, defendants **JOHN C. WALL,
GILBERTO LOPEZ, CASEY PATRICK LEE**, and others acting on behalf of
Freedom Marketing, imported, and caused to be imported, into the United States
approximately eighteen crates containing automobile parts purchased and imported from
a company in China that were falsely marked "Processed in the USA."

19.     On or about January 9, 2009, defendants **JOHN C. WALL, GILBERTO
LOPEZ, CASEY PATRICK LEE**, and others, acting on behalf of Freedom Marketing
and at the direction of **JOHN C. WALL, GILBERTO LOPEZ,** and **CASEY
PATRICK LEE**, completed and submitted export information through an SED
document for a shipment of automobile parts that were being exported to Venezuela. The
SED document falsely stated that the automobile parts were domestic products.

20.     On or about January 12, 2009, after completing and submitting the export
information through the SED document mentioned in paragraph 19 above, **JOHN C.
WALL, GILBERTO LOPEZ, CASEY PATRICK LEE**, and others, acting on behalf
of Freedom Marketing and at the direction of **JOHN C. WALL, GILBERTO LOPEZ,**

8

and **CASEY PATRICK LEE**, exported, and caused to be exported, from the United States to Venezuela, approximately 20 skids of boxes containing automobile parts.

  21. On or about February 11, 2009, defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE**, and others acting on behalf of Freedom Marketing, imported, and caused to be imported, into the United States approximately thirty crates containing automobile parts purchased and imported from a company in China that did not contain country of origin markings as required by law.

  22. On or about February 23, 2009, defendants **JOHN C. WALL, GILBERTO LOPEZ, CASEY PATRICK LEE**, and others acting on behalf of Freedom Marketing, imported, and caused to be imported, into the United States approximately one package containing approximately three-hundred and nineteen automobile parts purchased and imported from a company in China that did not contain country of origin markings as required by law.

  All in violation of Title 18, United States Code, Section 371.

## CRIMINAL FORFEITURE

  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States pursuant to the provisions of Title 18, United States Code, Sections 545, 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c).

  Upon the conviction of the violations alleged in Count One of this Indictment, the defendants,

**JOHN WALL,**
**GILBERTO LOPEZ,**
**and**
**CASEY PATRICK LEE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 545,

981(a)(1)(C), 982(a)(2)(B); Title 28, United States Code, Section 2461(c); and Title 21,

United States Code, Section 853, any and all of the defendants' right, title, and interest in

any property, real and personal, constituting, and derived from proceeds traceable to such

offenses.

If any of the property described above as being subject to forfeiture, as a result of

acts or omissions of the defendants:

       i.     cannot be located upon the exercise of due diligence;

      ii.    has been transferred or sold to or deposited with a third party;

     iii.    has been placed beyond the jurisdiction of the Court;

     iv.    has been substantially diminished in value; or

      v.    has been commingled with other property which cannot be

            subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), which is incorporated by reference in Title 18, United States Code, Sections 981

10

and 982, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

**REDACTED**

FOREPERSON

12/17/2013

DATE

PAMELA C. MARSH
United States Attorney

J. RYAN LOVE
Assistant United States Attorney

11